UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM D. JOHNSON,

    Plaintiff,

                            CASE NO. 2:13-CV-13067
                            JUDGE ARTHUR J. TARNOW
                            MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

AXA EQUITABLE LONG TERM
DISABILITY PLAN and
AXA EQUITABLE LIFE INSURANCE
COMPANY,

    Defendants.
_____/

### ORDER DENYING DEFENDANTS' APRIL 22, 2014 MOTION FOR A PROTECTIVE ORDER PRECLUDING DISCOVERY BEYOND THE ADMINISTRATIVE RECORD (Doc. Ent. 23)

**A.    Background**

This case was originally filed on July 17, 2013. Doc. Ent. 1. On July 18, 2013, plaintiff Tom D. Johnson filed an amended complaint against defendants AXA Equitable Life Insurance Company and AXA Equitable Long Term Disability Plan. Doc. Ent. 4 ¶¶ 3 and 5. The causes of action include (I) recovery of plan benefits, 29 U.S.C. § 1132(a)(1)(B); (II) breach of fiduciary duty, 29 U.S.C. § 1132(a)(3); and (III) breach of fiduciary duty, 29 U.S.C. § 1132(a)(3).[1]

By way of stipulated orders, defendants' time to respond to the complaint was extended to October 4, 2014. Doc. Entries 9 and 10.

---

[1] Attached to the amended complaint are (1) appeal of disability benefit claim denial (Exhibit A [Doc. Ent. 4-2, Doc. Ent. 4-3, Doc. Ent. 4-4 at 1-41]) and defendant's denial of plaintiff's appeal dated December 3, 2012 (Exhibit B [Doc. Ent. 4-4 at 42-116]). *See* Doc. Ent. 4-1 (Index of Exhibits).

B.  **Pending Motions**

1. On October 4, 2014, defendants filed a motion to dismiss for failure to state a claim. Doc. Ent. 11.  Therein, defendants argue that (I) plaintiff's complaint is time-barred and (II) "even if timely, the complaint fails to state a violation of ERISA[.]" *See* Doc. Ent. 11 at 4.

   Judge Tarnow originally noticed a hearing for December 11, 2013 (Doc. Ent. 14); however, it was later cancelled.  By way of stipulated orders, plaintiff's time to respond was extended to December 9, 2013.  Doc. Entries 15 and 16.  On December 9, 2013, plaintiff filed a response.  Doc. Ent. 17.  By stipulated order, defendants' time to file a reply was extended to January 22, 2014.  Doc. Ent. 18.  On January 22, 2014, defendants filed a reply.  Doc. Ent. 19.

2. On April 8, 2014, Judge Tarnow conducted a status conference, at which the following deadlines were set: discovery motions to be filed by June 18, 2014; discovery cut-off July 18, 2014; supplemental responses and replies to motion to dismiss to be filed by July 18, 2014; and hearing on motion to dismiss to be set following closing of discovery period.

   On April 22, 2014 - two weeks after Judge Tarnow set case management deadlines - defendants filed a motion for a protective order precluding discovery beyond the administrative record.  Doc. Ent. 23.  Therein, defendants argue:

   >   I.   NO DISCOVERY BEYOND THE ADMINISTRATIVE RECORD IS PERMISSIBLE IN THIS ERISA CASE.
   >
   >         A.   Discovery In ERISA Benefits Cases Is Generally Limited To The Administrative Record
   >
   >         B.   Discovery Is Not Warranted Under The Limited Exception To The No-Discovery Rule
   >
   >   II.  THE COURT SHOULD AT THE VERY LEAST POSTPONE DISCOVERY UNTIL AFTER IT HAS RESOLVED DEFENDANTS' PURELY LEGAL STATUTE-OF-LIMITATIONS CHALLENGE TO PLAINTIFF'S COMPLAINT.

Doc. Ent. 23 at 2.

Plaintiff filed a response on May 6, 2014. Doc. Ent. 25.[2] Defendants filed a reply on May 15, 2014. Doc. Ent. 27. On May 23, 2014, the parties filed a joint statement of resolved and unresolved issues. Doc. Ent. 29.

**C.    Discussion**

**1.**    On April 23, 2014, Judge Tarnow referred this motion to me for hearing and determination. Doc. Ent. 24. A hearing was noticed for May 29, 2014. Doc. Ent. 26.

On May 29, 2014, attorneys Warren J. Widmayer and Jon Hacker appeared and presented oral argument to the Court.

**2.**    Upon consideration, defendants' motion is denied. As an initial matter, granting defendants' motion would result in plaintiff not being permitted to take discovery, and discovery is permitted by the deadlines imposed by Judge Tarnow on April 8, 2014. In other words, the undersigned views the case management deadlines set by Judge Tarnow as permitting at least some discovery.

However, this denial leaves open plaintiff's May 18, 2014 discovery requests - Interrogatory Nos. 1-17 and Request for Production of Document Nos. 1-2. Defendants' answers and responses to these discovery requests are due on or about June 17, 2014. *See* Fed. R. Civ. P. 33(b)(2), Fed. R. Civ. P. 34(b)(2)(A). The parties are encouraged to confer to determine whether these requests can be narrowed. Additionally, if within thirty (30) days of the date of this order the parties wish to engage in a discovery conference in my chambers, they

---

[2]Attached to the response is a portion of the 1988 Plan Document (Doc. Ent. 25-1 at 1-2 [Exhibit 1]); the February 15, 2012 disclosure (Doc. Ent. 25-1 at 3-5 [Exhibit 2]); and the June 21, 2012 disclosure (Doc. Ent. 25-1 at 6-17 [Exhibit 3]).

should contact my case manager to schedule such a meeting with the Court.

**D.     Order**

Accordingly, defendants April 22, 2014 motion for a protective order precluding discovery beyond the administrative record (Doc. Ent. 23) is DENIED but only as to plaintiff's May 18, 2014 discovery requests - Interrogatory Nos. 1-17 and Request for Production of Document Nos. 1-2.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

May 29, 2014                         s/ Paul J. Komives
                                     PAUL J. KOMIVES
                                     UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on June 2, 2014, electronically and/or by U.S. mail.

                                     s/Michael Williams
                                     Case Manager for the
                                     Honorable Paul J. Komives