UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM D. JOHNSON,

        Plaintiff,

v.

AXA EQUITABLE LONG TERM
DISABILITY PLAN and AXA
EQUITABLE LIFE INSURANCE
COMPANY,

        Defendants.

_____/

Case No. 13-13067

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS [39] AND
DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY [43]**

On October 4, 2013, Defendants filed a Motion to Dismiss [Dkt. #11].  The
Court held a hearing on the motion on September 26, 2014.  The same day, the Court
issued an Order [36] denying Defendants' Motion to Dismiss without prejudice and
granting the parties a 60-day period of discovery for the purpose of completing their
arguments presented at the hearing.  On April 22, 2015, Defendants filed a Renewed
Motion to Dismiss [39].  On June 8, 2015, Plaintiff filed a Response [42], to which
Defendants filed a Reply [45] on July 22, 2015.  Plaintiff also filed a Motion to
Compel Discovery [43] on June 8, 2015.  On July 22, 2015, Defendants filed a
Response [46], to which Plaintiff filed a Reply [48] on August 18, 2015.

1

For the reasons stated below, Defendants' Renewed Motion to Dismiss [39] is **GRANTED**.  Plaintiff's Motion to Compel Discovery [43] is **DENIED**.

### FACTUAL BACKGROUND

At some point prior to 1988, Defendant AXA Equitable Life Insurance Company established Defendant AXA Equitable Long Term Disability Plan, of which Plaintiff was a participant.  Equitable is the Plan Administrator.  The Plan gives Equitable the right to amend the Plan "at any time by instrument in writing, duly executed and acknowledged and delivered to the Trustee."  The version of the Plan in place on January 1, 1988 included cost-of-living adjustments (COLAs) to increase disability benefits over time.

In September 1990, Equitable's Officers Committee on Benefit Plans decided to incorporate the Plan into a new "flexible benefits plan," which would eliminate COLAs.  Equitable's Board of Directors adopted a resolution approving the proposed changes, including the elimination of COLAs.  The resolution was not duly executed, acknowledged, or delivered to the trustee pursuant to the Plan's amendment procedures.  In late 1990 or early 1991, Equitable distributed a benefits enrollment guide for the 1991 Plan year, informing all Plan participants that COLAs had been eliminated from the Plan.

Plaintiff suffered a disabling stroke in February 1991.  He began receiving long-term disability benefits in August 1991.  Plaintiff continued receiving benefits

until June 2012, but never received COLAs. Plaintiff estimates that he would have received at least $706,278 in COLAs if they had been paid.

In 1995, while Plaintiff was in bankruptcy proceedings, he issued a subpoena to Defendants seeking information to defend against creditors' attempts to attach his disability benefits. Defendants sent a letter to Plaintiff's attorney in May 1995 with an unamended copy of the 1988 Plan attached, representing it as the operative document concerning Plaintiff's entitlement to benefits. Though the attached copy of the Plan provided for COLAs, Plaintiff did not investigate his entitlement to COLAs until a "similar disclosure" triggered his suspicions years later.

On May 31, 2011, Plaintiff began corresponding with Equitable in an effort to obtain COLAs he believed were wrongfully withheld. Equitable responded on February 15, 2012, denying his request for COLAs and asserting that the 1990 resolution had eliminated COLAs. Plaintiff's appeal of the denial was denied by Equitable's Benefits Appeals Committee on December 3, 2012.

## ANALYSIS

Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On a Rule 12(b)(6) motion to dismiss, the Court must "assume the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law." *McCormick v.*

*Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).

## I.    Benefits Claim

Plaintiff brings a claim to recover withheld benefits under 29 U.S.C. § 1132(a)(1)(B). Plaintiff argues that Defendants wrongfully withheld COLAs, since the amendment that purported to eliminate his entitlement to COLAs was procedurally deficient and therefore invalid. Defendants argue, inter alia, that the claim must be dismissed as time-barred. The Court agrees.[1]

The parties agree that the statute of limitations for this claim expired six years after Plaintiff knew, or through the exercise of reasonable diligence should have known, the facts constituting the alleged violation. *See Bender v. Newell Window Furnishings, Inc.*, 681 F.3d 253, 272 (6th Cir. 2012). In 1995, when Plaintiff requested information relevant to his creditors' attempts to attach his benefits, Defendants sent Plaintiff (through counsel) a letter indicating that he was entitled to benefits as set forth in the attached plan document, which showed Plaintiff entitled to COLAs. If Plaintiff had exercised reasonable diligence, he could have discovered the alleged deficiencies in the COLA-eliminating amendment soon after receiving this

---

[1] Plaintiff does not allege that the procedural deficiencies (consisting of a failure to execute amendment documents in a certain way and deliver them to the plan trustee) harmed him or any other plan beneficiary, or even posed a risk of such harm. Defendants argue that the amendment was therefore valid despite the deficiencies, rendering Plaintiff's claim meritless. The Court's conclusion that the claim is time-barred renders it unnecessary to reach this issue.

4

letter.   Indeed, Plaintiff has conceded that he discovered the deficiencies after an inquiry triggered by a "similar disclosure."   The Court therefore holds that the six-year statute of limitations accrued at or near the time Plaintiff received the 1995 letter, expiring in 2001 or 2002—many years before Plaintiff brought this suit.

The limitations period was not tolled under the applicable "fraudulent concealment" doctrine.   It would have been tolled only if Defendants concealed the facts underlying the claim through affirmative acts or misrepresentations, rather than mere nondisclosure.   *Techner v. Greenberg*, 553 F. App'x 495, 506 (6th Cir. 2014).   If anything, Defendants affirmatively *disclosed* Plaintiff's entitlement to COLAs when they sent the 1995 letter; Plaintiff has not alleged that, subsequently, Defendants affirmatively covered up that entitlement or the alleged deficiencies in the COLA-eliminating amendment.

Because the statute of limitations expired before Plaintiff filed his benefits claim, Defendants' motion to dismiss the claim is granted.

## II.   Breach of Fiduciary Duty

Plaintiff brings a claim for breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3).   Plaintiff alleges that Defendants violated their fiduciary duties by failing to verify that the COLA-eliminating amendment followed plan procedures and by depriving participants of COLAs despite knowing that the amendment was invalid.   Plaintiff seeks surcharge of the wrongfully withheld benefits

and disgorgement of Defendants' profits.  Defendants argue that Plaintiff's breach of fiduciary duty claim must be dismissed because it asserts the same injury as Plaintiff's claim for benefits, which can be adequately remedied by the claim for benefits.  The Court agrees.

Plaintiff's breach of fiduciary duty claim must be dismissed under *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364 (6th Cir. 2015) (en banc).  The *Rochow* court articulated the following rule:

> A claimant can pursue a breach-of-fiduciary-duty claim under § 502(a)(3), irrespective of the degree of success obtained on a claim for recovery of benefits under § 502(a)(1)(B), only where the breach of fiduciary duty claim is based on an *injury* separate and distinct from the denial of benefits or where the remedy afforded by Congress under § 502(a)(1)(B) is otherwise shown to be inadequate.

*Id.* at 372 (citing *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 840–42 (6th Cir. 2007)).  The Sixth Circuit held that allowing a plaintiff "to recover disgorged profits under § 502(a)(3), in addition to his recovery [of withheld benefits] under § 502(a)(1)(B), based on the claim that the wrongful denial of benefits also constituted a breach of fiduciary duty, would … result in an impermissible duplicative recovery."  *Id.* at 371.  Although Plaintiff attempts to distinguish this case from *Rochow* with respect to the acts constituting the alleged breaches, the Sixth Circuit made clear that "ERISA remedies are concerned with the adequacy of relief to redress the claimant's injury, not the nature of the defendant's wrongdoing."  *Id.*

6

Absent a showing that a benefits claim cannot make the plaintiff whole, *no* relief is available on a breach of fiduciary duty claim. *Id.* at 372.

Plaintiff has not shown that he was injured by the alleged breach of fiduciary duty in any way other than the withholding of COLAs. Nor has he shown that an award of withheld COLAs pursuant to his benefits claim would be inadequate to redress that injury. Accordingly, the Court is bound by the holding in *Rochow* to dismiss the breach of fiduciary duty claim.

## III.    Motion to Compel

After holding a hearing on Defendants' original motion to dismiss, the Court granted the parties a 60-day period of discovery for the purpose of completing their arguments presented at the hearing. Plaintiff subsequently promulgated discovery requests. In his Motion to Compel, Plaintiff asserts that the requests were designed "to determine whether, when, and how Equitable actually adopted a formal plan amendment eliminating the COLAs … and to determine development of the state of mind within Equitable about the effectiveness of the 1990 amendment attempt." Plaintiff asks the Court to compel Defendants to respond to the requests.

The Court will not do so. Discovery cannot cure the fatal deficiencies in Plaintiff's claims described above. To the extent the Court suggested otherwise following the hearing on Plaintiff's original motion to dismiss, the Court erred. Plaintiff's motion to compel is denied.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendants' Renewed Motion to Dismiss [39] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel [43] is **DENIED**.

**SO ORDERED**.




                                        s/Arthur J. Tarnow
                                        Arthur J. Tarnow
Dated: November 13, 2015                Senior United States District Judge